UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN S. NELSON,<br><br>               Plaintiff,<br>   v.<br><br>DITECH FINANCIAL LLC,<br><br>               Defendant. | CASE NO. 3:17-cv-05582-DGE<br><br>ORDER GRANTING MOTION BY WILLIAM G. FIG AND SUSSMAN SHANK LLP TO WITHDRAW AS COUNSEL FOR DITECH FINANCIAL LLC |

Presently before the Court is a motion by William G. Fig and Sussman Shank LLP to withdraw as counsel of record for Defendant Ditech Financial LLC ("Ditech"). (Dkt. No. 69.) Fig and Sussman Shank claim they have had no contact with Ditech since February of 2020, when Ditech sold its servicing business, ceased servicing loans and terminated counsel following a September 2019 order of the United States Bankruptcy Court for the Southern District of New York confirming Ditech's Chapter 11 bankruptcy plan. (*Id*.) Fig and Sussman Shank believe Ditech no longer exists. (*Id*.) Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g). A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

Here, Fig and Sussman Shank have filed a motion to withdraw pursuant to LCR 83.2(b)(1). (Dkt. No. 69.) Even if Ditech still exists, withdrawal will not leave it unrepresented; Jason E. Hazlewood of Reed Smith remains listed as co-counsel. Fig and Sussman Shank have certified that the motion was served on the client, but have not certified the motion was served on opposing counsel. (*Id.*)

Nevertheless, the Court finds it appropriate to grant the motion to withdraw based on counsel's representation that Ditech "terminated counsel" in approximately February of 2020, there has been no contact with Ditech, and it appears Ditech no longer exists.[1] Under Washington Rule of Professional Conduct 1.16(a)(3), withdrawal is mandatory when a client terminates representation. ("[A] lawyer shall … withdraw from representation of a client if … the lawyer is discharged.") Accordingly, the Court GRANTS the motion to withdraw. William G. Fig and Sussman Shank LLP are relieved as counsel for Ditech.

---

[1] A copy of the motion was sent to Ditech's last known address. (Dkt. No. 69 at 3.) Ditech did not file any response to the motion.

ORDER GRANTING MOTION BY WILLIAM G. FIG AND SUSSMAN SHANK LLP TO WITHDRAW AS COUNSEL FOR DITECH FINANCIAL LLC - 2

1    Dated this 26th day of July, 2023.

                                                          David G. Estudillo
                                                          United States District Judge

ORDER GRANTING MOTION BY WILLIAM G. FIG AND SUSSMAN SHANK LLP TO WITHDRAW AS COUNSEL FOR DITECH FINANCIAL LLC - 3